UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | : | Case No. 1:15-cv-272 |
| Plaintiff, | : | |
| vs. | : | |
| Jon Musser and Redeye Partners, LLC, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFAULT JUDGMENT**

Plaintiff, Joe Hand Promotions, Inc., has moved for entry of a default judgment against Defendant Redeye Partners, LLC.  (Doc. 10)  The Clerk entered a default as to Redeye Partners on June 1, 2015; defendant Musser has not been properly served with the complaint.  Plaintiff's complaint alleges that Redeye Partners, LLC, individually and as the alter ego of Charlene's Lounge, 5912 Vine Street, Elmwood Place, Ohio, illegally broadcast a program titled the "Ultimate Fighting Championship 172" on April 26, 2014. Plaintiff owns the rights to that program, and sublicenses broadcast rights to commercial establishments throughout the country.  The transmission of Plaintiff's programs is encrypted to protect against unlicensed broadcast.  Plaintiff's complaint seeks recovery of statutory damages against Defendant under 47 U.S.C.§605, which generally prohibits the unauthorized publication or broadcast use of satellite communications such as Plaintiff's programs.

Plaintiff's motion is supported by the affidavit of Joe Hand, Jr., the President of Joe Hand Promotions, Inc.  (Doc. 10-1)  Mr. Hand describes the difficulties his company faces in detecting and identifying individuals and businesses that pirate his company's

programs for illegal broadcast.  These difficulties were further explained by Plaintiff's counsel during the telephone hearing held on September 14, 2015 concerning Plaintiff's motion.  Counsel for Plaintiff stressed that any unlicensed broadcast of its programs is by definition a willful violation of the statute, because some type of unauthorized equipment (such as a blackbox or programming card, or using an illegal encryption code) is required in order to access the programs without a license from Plaintiff.  Counsel also stated that the company estimates that it is able to detect only 5-10% of incidents of piracy, due to limitations on resources and to the fact that the programs are of rather short duration (2 hours).  An investigator must be physically present at an establishment while the program is broadcast in order to document that fact.  Moreover, Plaintiff's legal customers - those who enter into sublicense agreements and pay the required license fees - are pressuring Plaintiff to aggressively police unlicensed broadcasts, requiring the company to expend increasing amounts of time and resources in order to detect and prosecute illegal broadcasters.

      Many cases addressing the question of damages in cases like this one attempt to measure the benefit to the defendant from the illegal broadcast, such as the cost of a license fee from Plaintiff, or the profits reaped from the broadcast (cover charges, or increased prices for food and drink), and award those costs as default damages, together with a statutory premium.  Plaintiff argues that the "piracy business model" followed by establishments like Charlene's Lounge does not typically involve a cover charge, or a premium price for drinks or food served during the broadcast.  And these establishments do not advertise their broadcast (for obvious reasons).  Imposing upon a defaulting defendant some rough measure of disgorgement of profits, with some

additional premium, therefore does nothing to deter this conduct by others, or to deter any establishment from repeating the conduct in the future.

The statute, 47 U.S.C. §605(e)(3)(B)(iii), requires the Court to award "full costs" and attorneys' fees to a prevailing party. Those damages may be awarded (at Plaintiff's election) either by a measure of actual damages, including a violator's profits, or by awarding statutory damages, pursuant to Section 605(e)(3)(C)(i)(II). In the latter case, the Court may award from $1,000 to $10,000 for each violation, as the Court considers to be just. In addition, if the violation was willful for the purpose of direct or indirect commercial advantage, the Court may award increased damages of not more than $100,000 for each violation. Plaintiff urges the Court to award the maximum amount, while Plaintiff's counsel has reduced the request to $50,000.

The Court finds that an award of the statutory maximum of $10,000 is appropriate in this case. The affidavit of Plaintiff's investigator, Mark Caddo, states that he entered Charlene's Lounge at 9:30 p.m. on April 26, 2014 (which was a Saturday night), and saw the Plaintiff's program being played on four television screens behind the bar starting at 10 p.m. There was no cover charge, and the bar's maximum occupancy was 250; Mr. Caddo counted between 10 and 18 patrons in the bar during the approximately 90 minutes that he remained at the bar. (Doc. 10-3) These facts do not suggest that the establishment reaped any significant profit from the illegal broadcast. But they do mesh with what Plaintiff describes as the "piracy model" of illegally broadcasting events such as Plaintiff's UFC program. An award of a minimum amount of statutory damages would not address the necessity of deterring the conduct that is apparently quite common yet quite difficult for Plaintiff to detect and document.

Moreover, based on Plaintiff's arguments and Mr. Caddo's observation of a satellite dish on the roof of Charlene's Lounge that evening, the Court agrees that the Defendant's violation was willful within the meaning of the statute, as being done for the purpose of an indirect commercial advantage. Plaintiff cites cases defining "willful" conduct as conduct exhibiting a careless disregard for the governing statute and indifference towards the requirements of the law. See, e.g., <u>TWA v. Thurston</u>, 469 U.S. 111, 126-127 (1985). Whether or not Charlene's Lounge actually reaped a commercial or economic advantage from the illegal broadcast is not controlling for purposes of determining willfulness; and it is difficult to imagine any other motive for such conduct. The Court finds that an award of $10,000 enhanced damages for the willful violation is appropriate based on the evidence and the arguments presented.

For all of these reasons, the Court orders that a default judgment be entered against Defendant Redeye Partners, LLC, individually and as the alter ego of Charlene's Lounge, and in favor of Joe Hand Promotions, Inc., for statutory damages of $20,000 pursuant to 47 U.S.C. §§605(e)(3)(B)(iii) and (C)(I) and (ii), together with reasonable attorneys' fees of $1,375.00 and costs of $400.00, for a total judgment of $21,775.00.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: September 15, 2015        <u>s/Sandra S. Beckwith</u>
                                            Sandra S. Beckwith, Senior Judge
                                            United States District Court